JACOBY v. FOX.

(City Court of New York, General Term. October 29, 1900.)

1. APPEAL—REVIEW.
    The finding of a jury on a question of fact will not be disturbed when sustained by the evidence.

2. CONTRACT—PERFORMANCE.
    An instruction, in an action to recover for services rendered, that plaintiff was only required substantially to perform his contract, but that it was necessary for him to perform it except in technical and trivial matters, was proper.

Appeal from trial term.

Action by Jacob Jacoby against Morris Fox. Judgment for plaintiff. Defendant brings error. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and HASCALL, JJ.

Black, Olcott, Cruber & Bonynge, for appellant.
A. & C. Steckler, for respondent.

FITZSIMONS, C. J. We think that the record shows that plaintiff discharged his duties in a careful, workmanlike manner. Of course, in cases of this character the defendant is expected to submit evidence to the contrary. Thus a question of fact is presented, which must be submitted to the jury, as was done in this instance; and their finding in plaintiff's favor we shall not disturb, as the evidence is more than sufficient to sustain it. Even the certificate of defendant himself shows that plaintiff was a good and able designer, and while in his employ made garments a perfect fit, and that he was an honest and trustworthy man. In the face of this certificate and the evidence in plaintiff's favor, surely they were justified in rendering a verdict in his favor.

We think that the trial justice was correct in his charge "that plaintiff was only required to substantially perform his contract"; particularly in view of his explanation of his meaning and intention in so charging, because he immediately explained to the jury that by so charging he meant to say that plaintiff was required to perform his contract except in technical and trivial matters, leaving the jury clearly to infer that, if they found that plaintiff in any sub-

stantial manner or thing failed to perform his contract, he could not recover. In our judgment, this is a fair and reasonable interpretation of the justice's charge, and, as so viewed, no error was committed.

Finding no error, the judgment must be affirmed, with costs and disbursements. All concur.